# UNITED STATES DISTRICT COURT

## for the

### Western District of New York

| | | |
|---|---|---|
| EDNA K. MINEWEASER, Executrix of the Estate of PAUL J. MINEWEASER, Deceased, and Individually as Surviving Spouse, | ) ) ) ) | Civil Action No.:14- cv-585 |
| *Plaintiff* | ) ) | |
| v. | ) ) | |
| ONE BEACON AMERICA INSURANCE COMPANY, | ) ) | |
| RESOLUTE MANAGEMENT, INC. Administrator for ONE BEACON AMERICA INSURANCE COMPANY, | ) ) ) | |
| SEATON INSURANCE COMPANY, Individually and as Successor to Unigard Insurance Company, | ) ) ) | |
| CONTINENTAL INSURANCE COMPANY, Individually and as Successor in Interest to HARBOR INSURANCE COMPANY (CNA), | ) ) ) ) | |
| HARPER INSURANCE LIMITED f/k/a TUREGUM INSURANCE COMPANY, | ) ) ) | |
| ASSICURAZIONI GENERALI, SPA | ) ) | |
| *Defendants* | ) ) | |
| ONEBEACON AMERICA INSURANCE COMPANY, | ) ) ) | |
| *Third- Party Plaintiff* | ) ) | |
| v. | ) ) | |
| HEDMAN RESOURCES, LTD. | ) ) | |
| *Third-Party Defendant* | ) ) ) ) | |

## ONEBEACON AMERICA INSURANCE COMPANY'S
## THIRD-PARTY COMPLAINT AGAINST HEDMAN RESOURCES, LTD.

OneBeacon America Insurance Company ("OneBeacon"), by and through the undersigned counsel, for its Third-Party Complaint against third-party defendant Hedman Resources Limited, state as follows:

### THE PARTIES

1. OneBeacon is a Massachusetts corporation, licensed to do business as an insurance company in Massachusetts, with a principal place of business at One Beacon Street, Canton, Massachusetts.

2. Hedman Mines Limited was incorporated as a public corporation in the Canadian Province of Ontario in 1956. In 1982, Hedman Mines Limited changed its name to Hedman Resources Limited ("Hedman"). Hedman is a Canadian mining company with its principal place of business in North York, Ontario.

### JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. §§1332, 1367, 2201 and 2202 in that the amount in controversy exceeds $75,000 as to each defendant, Third-Party Plaintiff OneBeacon is a citizen of Massachusetts and Third-Party Defendant Hedman is a citizen of a foreign country.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(a), 1391(c), and 1391(d).

### FACTUAL ALLEGATIONS

5. Hedman previously sought insurance coverage from OneBeacon for asbestos-related related claims and potential future asbestos-related claims arising out of Hedman's alleged production and marketing of asbestos-containing products.

6. In response, OneBeacon denied responsibility for any such claims, asserted numerous coverage defenses and denied payment was due.

7. The coverage dispute involved many issues, including but not limited to: (1) whether Hedman was a named insured and/or otherwise entitled to coverage from OneBeacon; (2) whether there was a covered occurrence; (2) whether the requirement of prompt notice of underlying claims was complied with; (3) whether Hedman's liability for the underlying asbestos claims was a result of intentional conduct; (4) whether Hedman expected or intended the bodily injury at issue and/or to the extent the losses were not fortuitous; (5) whether OneBeacon was denied the opportunity to associate both in the defense and control of any claim, suit or proceeding relative to an alleged occurrence; (6) whether Hedman made any voluntary payments, assumed any liability or incurred any other amounts without the consent of OneBeacon; (7) whether Hedman incurred Ultimate Net Loss liability in excess of the self-insured retention and underlying insurance limits with regard to the underlying asbestos claims for which it sought coverage; (8) whether there was full and proper exhaustion of all self-insured retentions and underlying insurance limits; and (9) whether there was other valid and collectible insurance available to Hedman.

8. In fact, as a result of the dispute between OneBeacon and Hedman, OneBeacon filed a civil action for declaratory relief in the Supreme Court of the State of New York, County of New York in May 2012, seeking a declaration of rights and duties of the parties.

9. In the lawsuit filed by OneBeacon in the Supreme Court of the State of New York, OneBeacon sought a declaration that the OneBeacon policies at issue did not require OneBeacon to defend Hedman, pay their defense costs and/or indemnify Hedman with respect to the claims related to their asbestos-containing products because, *inter alia*: (1) Hedman is not a

named insured and/or is not otherwise entitled to coverage under the OneBeacon policies at issue; (2) the OneBeacon policies at issue do not contain a duty to defend and do not provide Hedman with a defense and/or require that OneBeacon pay Hedman's defense costs; (3) Hedman had not established the requirements for and conditions precedent to coverage contained in the OneBeacon policies at issue; (4) Hedman did not meet the requirements of the OneBeacon policies establishing an "occurrence" as defined by the policies at issue and there therefore was no covered loss; (5) Hedman did not meet the requirements of the OneBeacon policies at issue establishing its claim falls within "Ultimate Net Loss" as defined by those policies; and (6) Hedman did not establish that all underlying insurance had been properly exhausted and that no other valid and collectible insurance exists.

10. Subsequent to the filing of the lawsuit, Hedman approached OneBeacon to engage in discussions to resolve pending and future asbestos claims against Hedman.

11. Thereafter, while OneBeacon continued to assert various coverage defenses and deny payment was due, OneBeacon engaged in good faith, arms-length negotiations to resolve the dispute with Hedman.

12. Ultimately, OneBeacon reached a settlement with Hedman whereby it obtained a final release from Hedman from any and all obligations, claims and liability of any kind and consideration was in turn paid (the "Agreement").

13. In addition, as an express result and condition of the Agreement between OneBeacon and Hedman, the civil action filed in the Supreme Court of the State of New York regarding Hedman's claims for coverage was voluntarily dismissed.

14. Notwithstanding the express terms of the Agreement, upon information and belief, Hedman failed to defend against the Mineweaser claim and in correspondence dated April

11, 2014, OneBeacon was advised that a Bench Trial Decision was issued and, pursuant to same, Plaintiff would be submitting a judgment against Hedman in the sum of $3,000.000.

15. Hedman failed to fulfill its obligations under the Agreement and did not satisfy or otherwise seek to resolve the judgment for money damages entered in favor of Mineweaser.

16. As a result, Mineweaser filed a lawsuit on July 18, 2014 seeking to enforce the judgment against various parties, including OneBeacon.

17. Pursuant to the terms of the Agreement, Hedman was advised of the coverage lawsuit commenced by Mineweaser. Despite meet and confer efforts, Hedman has, without any basis, failed to acknowledge the terms of the Agreement and has failed to take any action to resolve the Mineweaser matter.

## FIRST CLAIM FOR RELIEF

### (For Breach of Contract as against Hedman)

18. OneBeacon repeats and incorporates by reference the allegations in Paragraphs 1-17 of this Third-Party Complaint as set forth in full herein.

18. Hedman has breached the terms of the Agreement by failing to fulfill its obligation to ensure resolution of the Mineweaser matter and to preserve OneBeacon's full release from any and all obligations, claims and liability of any kind in light of the consideration Hedman received as a result of the Agreements.

19. As a direct result of Hedman's breach of the Agreement, OneBeacon has been deprived the benefit of the full release from any and all obligations, claims and liability of any kind for which consideration was provided to Hedman.

20. As a direct result of Hedman's breach of the Agreement, OneBeacon has been forced to incur and will continue to incur additional damages in an amount to be proved at trial.

5

**SECOND CLAIM FOR RELIEF**

**(Declaratory Relief as to Hedman's Obligations Under the Agreement)**

21. OneBeacon repeats and incorporates by reference the allegations in Paragraphs 1 through 20 of this Third-Party Complaint as if set forth in full herein.

22. This is a cause of action for declaratory relief pursuant to 28 U.S.C. §§2201 & 2202. OneBeacon seeks a judicial determination of the rights and duties of Hedman with respect to an actual controversy arising out of the Agreement.

23. Pursuant to the terms of the Agreement, OneBeacon obtained a full release from Hedman from any and all obligations, claims and liability of any kind. The good-faith, arms-length discussions which resulted in the Agreement resolved Hedman's claims for insurance coverage concerning pending and future asbestos-related claims arising out of Hedman's alleged production and marketing of asbestos-containing products.

24. Nonetheless, Hedman has improperly failed to acknowledge its obligation to satisfy the Mineweaser Judgment and/or otherwise resolve the Mineweaser claim.

25. Hedman has likewise improperly failed to acknowledge its obligation to handle and be responsible for all court dates, proceedings and related outcomes, including satisfaction of money judgments, pertaining to any and all other asbestos bodily injury claims that may now or may in the future be asserted against Hedman.

26. An actual controversy of a judiciable nature currently exists between OneBeacon, on the one hand, and Hedman, on the other hand, concerning the proper construction of the Agreement and the rights and obligations of the parties thereto with respect to both the Mineweaser Judgment and any and all other asbestos bodily injury claims that may now or in the future be asserted against Hedman.

**PRAYER FOR RELIEF**

WHEREFORE, OneBeacon respectfully prays for relief as follows:

1. On its First Claim for Relief, OneBeacon requests that the Court enter judgment against Hedman and award OneBeacon:

(a) actual money damages according to proof at trial, plus interest according to law;

(b) an award of costs and attorneys' fees; and

(c) such other and further relief as this Court may deem just and proper.

2. On its Second Claim for Relief, OneBeacon requests that the Court enter judgment against Hedman declaring that:

(a) pursuant to the terms of the Agreements, Hedman was obligated to defend the Mineweaser Claim and pay or otherwise resolve the Mineweaser Judgment;

(b) pursuant to the terms of the Agreements, Hedman is obligated to handle and be responsible for all court dates, proceedings and related outcomes, including satisfaction of money judgments and/or any other resolution, pertaining to any and all other asbestos bodily injury claims that may now or in the future be asserted against Hedman; and

(c) such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**/s/ Stephen T. Roberts**
Stephen T. Roberts
Eileen T. McCabe
Jaimie H. Ginzberg
MENDES & MOUNT, LLP
750 Seventh Avenue
New York, NY 10019
(212) 261-8000

>*Attorneys for Defendants sued herein as*
>*One Beacon America Insurance Company*
>*and Resolute Management, Inc., Administrator for*
>*OneBeacon America Insurance Company.*

**DATED:** **New York, New York**
**September 12, 2014**