# UNITED STATES DISTRICT COURT

## for the

## Western District of New York

| | |
|---|---|
| EDNA K. MINEWEASER, Executrix of the Estate of PAUL J. MINEWEASER, Deceased, and Individually as Surviving Spouse,<br><br>*Plaintiff*<br><br>v.<br><br>ONE BEACON AMERICA INSURANCE COMPANY,<br><br>RESOLUTE MANAGEMENT, INC. Administrator for ONE BEACON AMERICA INSURANCE COMPANY,<br><br>SEATON INSURANCE COMPANY, Individually and as Successor to Unigard Insurance Company,<br><br>CONTINENTAL INSURANCE COMPANY, Individually and as Successor in Interest to HARBOR INSURANCE COMPANY (CNA),<br><br>HARPER INSURANCE LIMITED f/k/a TUREGUM INSURANCE COMPANY,<br><br>ASSICURAZIONI GENERALI, SPA<br><br>*Defendants* | Civil Action No.:14- cv-585 |
| THE CONTINENTAL INSURANCE COMPANY, Individually and As Successor to Certain Liabilities of HARBOR INSURANCE COMPANY,<br><br>*Third- Party Plaintiff*<br><br>v.<br><br>HEDMAN RESOURCES, LTD.<br><br>*Third-Party Defendant* | |

**THE CONTINENTAL INSURANCE COMPANY, INDIVIDUALLY AND AS SUCCESSOR TO CERTAIN LIABILITIES OF HARBOR INSURANCE COMPANY, THIRD PARTY COMPLAINT AGAINST HEDMAN RESOURCES, LTD.**

The Continental Insurance Company, Individually and as Successor of Certain Liabilities to Harbor Insurance Company ("The Continental Insurance Company"), by and through their undersigned counsel, for their Third-Party Complaint against third-party defendant Hedman Resources Limited, state as follows:

**THE PARTIES**

1. The Continental Insurance Company is a corporation organized under the laws of Pennsylvania with its principal place of business in Illinois.

2. Hedman Mines Limited was incorporated as a public corporation in the Canadian Province of Ontario in 1956. In 1982, Hedman Mines Limited changed its name to Hedman Resources Limited ("Hedman"). Hedman is a Canadian mining company with its principal place of business in North York, Ontario.

**JURISDICTION AND VENUE**

3. This Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. §§1332, 1367, 2201 and 2202 in that the amount in controversy exceeds $75,000 as to each defendant, Third-Party Plaintiff The Continental Insurance Company is a citizen of Massachusetts and Third-Party Defendant Hedman is a citizen of a foreign country.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(a), 1391(c), and 1391(d).

**FACTUAL ALLEGATIONS**

5. Hedman previously sought insurance coverage from The Continental Insurance Company for asbestos-related related claims and potential future asbestos-related claims arising out of Hedman's alleged production and marketing of asbestos-containing products.

6. Hedman approached The Continental Insurance Company to engage in discussions to resolve pending and future claims, including asbestos claims, against Hedman.

7. Thereafter, while The Continental Insurance Company continued to assert various coverage defenses, The Continental Insurance Company engaged in good faith, arms-length negotiations to resolve the dispute with Hedman.

8. Ultimately, The Continental Insurance Company reached a good faith settlement with Hedman whereby it obtained a final release from Hedman from any and all obligations, claims and liability of any kind and consideration was in turn paid (the "Agreement").

9. Notwithstanding the express terms of the Agreement, upon information and belief, Hedman failed to defend against the <u>Mineweaser</u> claim and in correspondence dated April 11, 2014, The Continental Insurance Company was advised that a Bench Trial Decision was issued and, pursuant to same, Plaintiff would be submitting a judgment against Hedman in the sum of $3,000.000.

10. Hedman failed to fulfill its obligations under the Agreement and did not satisfy or otherwise seek to resolve the judgment for money damages entered in favor of Mineweaser.

11. As a result, Mineweaser filed a lawsuit on July 18, 2014 seeking to enforce the judgment against various parties, including The Continental Insurance Company.

12. Pursuant to the terms of the Agreement, Hedman was advised of the coverage lawsuit commenced by Mineweaser. Despite meet and confer efforts, Hedman has, without any basis, failed to acknowledge the terms of the Agreement and has failed to take any action to resolve the Mineweaser matter.

### FIRST CLAIM FOR RELIEF
(For Breach of Contract as against Hedman)

13. The Continental Insurance Company repeats and incorporates by reference the allegations in Paragraphs 1-12 of this Third-Party Complaint as set forth in full herein.

14. Hedman has breached the terms of the Agreement by failing to fulfill its obligation to ensure resolution of the Mineweaser matter and to preserve The Continental Insurance Company's full release from any and all obligations, claims and liability of any kind in light of the consideration Hedman received as a result of the Agreement.

15. As a direct result of Hedman's breach of the Agreement, The Continental Insurance Company has been deprived the benefit of the full release from any and all obligations, claims and liability of any kind for which consideration was provided to Hedman.

16. As a direct result of Hedman's breach of the Agreement, The Continental Insurance Company has been forced to incur and will continue to incur additional damages in an amount to be proved at trial.

### SECOND CLAIM FOR RELIEF
(Declaratory Relief as to Hedman's Obligations Under the Agreement)

17. The Continental Insurance Company repeats and incorporates by reference the allegations in Paragraphs 1 through 16 of this Third-Party Complaint as if set forth in full herein.

18. This is a cause of action for declaratory relief pursuant to 28 U.S.C. §§2201 & 2202. Continental Insurance Company seeks a judicial determination of the rights and duties of Hedman with respect to an actual controversy arising out of the Agreement.

19. Pursuant to the terms of the Agreement, The Continental Insurance Company obtained a full release from Hedman from any and all obligations, claims and liability of any kind. The good-faith, arms-length discussions which resulted in the Agreement resolved

Hedman's claims for insurance coverage concerning pending and future asbestos-related claims arising out of Hedman's alleged production and marketing of asbestos-containing products.

20. Nonetheless, Hedman has improperly failed to acknowledge its obligation to satisfy the Mineweaser Judgment and/or otherwise resolve the Mineweaser claim.

21. Hedman has likewise improperly failed to acknowledge its obligation to handle and be responsible for all court dates, proceedings and related outcomes, including satisfaction of money judgments, pertaining to any and all other asbestos bodily injury claims that may now or may in the future be asserted against Hedman.

22. An actual controversy of a judiciable nature currently exists between The Continental Insurance Company, on the one hand, and Hedman, on the other hand, concerning the proper construction of the Agreement and the rights and obligations of the parties thereto with respect to both the Mineweaser Judgment and any and all other asbestos bodily injury claims that may now or in the future be asserted against Hedman.

## PRAYER FOR RELIEF

WHEREFORE, The Continental Insurance Company respectfully prays for relief as follows:

1. On the First Claim for Relief, The Continental Insurance Company requests that the Court enter judgment against Hedman and award The Continental Insurance Company:

   (a) actual money damages according to proof at trial, plus interest according to law;

   (b) an award of costs and attorneys' fees; and

   (c) such other and further relief as this Court may deem just and proper.

2. On the Second Claim for Relief, The Continental Insurance Company requests that the Court enter judgment against Hedman declaring that:

(a) pursuant to the terms of the Agreement, Hedman was obligated to defend the Mineweaser Claim and pay or otherwise resolve the Mineweaser Judgment;

(b) pursuant to the terms of the Agreement, Hedman is obligated to handle and be responsible for all court dates, proceedings and related outcomes, including satisfaction of money judgments and/or any other resolution, pertaining to any and all other asbestos bodily injury claims that may now or in the future be asserted against Hedman; and

(c) such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**/s/ Stephen T. Roberts**
Stephen T. Roberts
Eileen T. McCabe
Jaimie H. Ginzberg
MENDES & MOUNT, LLP
750 Seventh Avenue
New York, NY 10019
(212) 261-8000

*Attorneys for The Continental Insurance Company, individually and as a successor to certain liabilities of Harbor Insurance Company*

**DATED:**     **New York, New York**

**September 12, 2014**