**UNITED STATES DISTRICT COURT**
**for the**
**WESTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| EDNA K. MINEWEASER, Executrix of the Estate of PAUL J. MINEWEASER, Deceased, and Individually as Surviving Spouse, etc., | ) ) ) ) | |
| | ) | Civil Action No. 14-cv-585 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ONE BEACON AMERICA INSURANCE COMPANY, et al., | ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| SEATON INSURANCE COMPANY, Individually and as Successor to UNIGARD INSURANCE COMPANY, | ) ) ) ) | |
| Defendant/Third-party Plaintiff, | ) ) | |
| v. | ) ) | |
| HEDMAN RESOURCES LIMITED, HEDMAN RESOURCES LIMITED AS SUCCESSOR –IN-INTEREST TO HEDMAN MINES LIMITED and STEPHEN A. EDELL, | ) ) ) ) ) | |
| Third-party Defendants. | ) | |

**THIRD-PARTY COMPLAINT AND JURY TRIAL DEMAND**

Defendant Unigard Mutual Insurance Company n/k/a Seaton Insurance Company improperly impleaded as Seaton Insurance Company Individually and as Successor to Unigard Insurance Company ("Seaton"), by and through its attorneys Phillips Lytle, LLP, by way of

Third-party Complaint against the Third-party Defendants Hedman Resources Limited and Hedman Resources Limited as Successor-in-Interest to Hedman Mines Limited (collectively, "Hedman") and Stephen A. Edell ("Edell"), alleges and says:

## PARTIES

1. Seaton is a foreign corporation domiciled in the State of Rhode Island which has transacted business in the State of New York.

2. Plaintiff's Verified Complaint alleges that Hedman, a foreign corporation, transacted business in the State of New York and, specifically, sold raw asbestos fiber to Durez Plastics, a Division of Occidental Chemical Corporation, which was delivered to the Durez plant in North Tonawanda, New York. On information and belief, Hedman currently maintains no properties, offices or employees and is not engaged in transacting any business.

3. Third-party Defendant Stephen A. Edell is the sole representative of Hedman. At all relevant times, Hedman was a mere instrumentality of Stephen Edell and Hedman has no existence separate and apart from Edell.

## STATEMENT OF JURISDICTION

4. Plaintiff is a citizen of New York. Defendant/Third-party Plaintiff Seaton is an insurance company domiciled in Rhode Island which is currently under supervision by the Rhode Island Department of Business Regulation. Upon information and belief, Third-party Defendant Hedman is organized under laws other than those of the State of New York. Upon information and belief, Third-party Defendant Edell is a citizen of Canada.

5. Plaintiff's Verified Complaint alleges an amount in controversy pursuant to 28 U.S.C. §1332 in excess of three million dollars ($3,000,000.00).

6. This court has personal jurisdiction over Third-party Defendant Hedman because Hedman has transacted business within the State of New York and has jurisdiction over Third-party Defendant Edell because he is the corporate alter ego of Hedman.

## ALLEGATIONS COMMON TO ALL COUNTS

7. Seaton entered into a Confidential Settlement Agreement and Mutual Release (the "Agreement") referenced in Plaintiff's Verified Complaint. At all times, Stephen Edell was the sole person involved in the negotiations and was the signatory of the Agreement. To Seaton's knowledge, no other corporate representative of Hedman was involved nor did Hedman's Board of Directors ever approve the Agreement. Edell acted for Hedman.

8. The Agreement referenced in Plaintiff's Verified Complaint is, by its own terms, confidential. Seaton will seek a confidentiality order such that the terms of the Agreement may be disclosed to this Court and to the parties to this proceeding.

9. Since the Agreement is confidential, Seaton is unable to set forth the governing terms of the Agreement verbatim in this Third-party Complaint. As is generally set forth in Plaintiff's Verified Complaint, the Agreement extinguished all coverage obligations which Seaton may have had with Hedman under a policy of insurance issued by Seaton's predecessor, Unigard Mutual Insurance Company ("Unigard").

10. The Agreement was entered into in good faith, for fair consideration, and only after mutual negotiation and compromise by Seaton and Hedman, as directed and controlled by Edell, each dealing at arm's-length and represented by counsel.

11. The Agreement is a valid, binding and enforceable contract.

12. By virtue of the Agreement, in exchange for valuable consideration, Seaton owes no insurance coverage to Hedman as any prior coverage which may have been owed by Seaton or Unigard has been extinguished.

13. As set forth more particularly in Plaintiff's Verified Complaint, Hedman, as directed and controlled by Edell, ceased defending itself in the underlying Mineweaser case and permitted a default judgment to be entered against it in the amount of $3,000,000.00.

14. Hedman, as directed and controlled by Edell, has not paid that judgment.

15. The failure of Hedman, as directed and controlled by Edell, to defend the underlying Mineweaser case, pay the judgment entered and abide by the terms of the Agreement has caused harm to Seaton, which harm includes, but is not limited to, being named as a Defendant in the present litigation and incurring attendant counsel fees and costs.

16. On May 29, 2008 Seaton was placed under an Order Creating State Supervision and Appointment of Supervisor pursuant to the provisions of Rhode Is. Gen. Laws §27-14.11, *et seq.* As a consequence of the Order of Supervision, Seaton was required to and did make certain representations to the Supervisor regarding the Agreement. The failure of Hedman, as directed and controlled by Edell, to defend the underlying case, pay the judgment entered and abide by the terms of the Agreement could create consequences resounding to Seaton from those certain representations made.

17. Seaton is in possession of communications from Plaintiff's counsel pertaining to other lawsuits filed against Hedman asserting allegations similar to those asserted in the underlying case. On information and belief those lawsuits seek damages for bodily injury, illness and disease alleged to have occurred as a result of exposure to asbestos-containing products, including products for which Hedman is allegedly legally liable.

18.     Seaton owes no insurance coverage to Hedman for the underlying case or any other lawsuit alleging asbestos bodily injury, whether now or hereinafter filed, and now seeks a declaration from this court that all rights, duties, responsibilities and obligations which may have been owed by Seaton and Unigard to Hedman are now and forever terminated.

## **COUNT ONE**
(Alter Ego/Piercing the Corporate Veil)

19.     Seaton repeats the allegations in the aforementioned paragraphs and incorporates those allegations in this paragraph herein as if fully set forth.

20.     At all relevant times, Hedman was a mere instrumentality of Edell.

21.     Hedman has no existence separate from Edell. Hedman: (a) has no corporate offices; (b) has no Board of Directors or Trustees, other than Edell; (c) has no employees other than Edell; (d) conducts no business; and (e) generates no income.

22.     The corporate identity of Hedman is a fiction and is being used to perpetuate an injustice on Seaton, on Plaintiff and on other asbestos tort plaintiffs with claims against Hedman.

23.     While standing behind the corporate shell of Hedman, Edell ceased to provide Hedman with a defense in the underlying action and failed to pay the judgment entered.

24.     As a result, Seaton has been damaged.

**WHEREFORE**, Seaton demands judgment against Edell as follows:

a.     Declaring that Edell is the alter ego of Hedman and that Edell is therefore liable to Seaton and to Plaintiff for any damages awarded; and

b.     Ordering Edell to pay Seaton any amounts that it has incurred as result of Seaton's being named a Defendant in this lawsuit; and

c.     Awarding such further and other relief as the Court deems appropriate.

## **COUNT TWO**
(Joinder as Necessary Parties)

25. Seaton repeats the allegations in the aforementioned paragraphs and incorporates those allegations in this paragraph herein as if fully set forth.

26. Hedman and Edell are required to be joined to this action as necessary parties pursuant to Fed. R. Civ. P. 19 since, in their absence, this court cannot accord complete relief among existing parties. The judgment entered in the underlying case is against Hedman, and Hedman, as directed and controlled by Edell, has failed to pay it.

27. If Hedman and Edell are not joined as parties to this action, it will impair Seaton's ability to protect its interests and will potentially expose Seaton to the risk of incurring inconsistent obligations because of the interest in this matter held by Hedman and Edell.

**WHEREFORE**, Seaton demands judgment against Hedman and Edell as follows:

a. Declaring that Hedman and Edell are necessary parties who must be joined in this action; and

b. Awarding such further and other relief as the Court deems appropriate.

## **COUNT THREE**
(Breach of Contract)

28. Seaton repeats the allegations in the aforementioned paragraphs and incorporates those allegations in this paragraph herein as if fully set forth.

29. Seaton entered into an Agreement with Hedman, as directed and controlled by Edell, which provides for a full and total release of any and all coverage obligations which Seaton may have had with Hedman under the policy issued by Unigard, including past and future claims, through an insurance buy-back agreement.

30. Seaton has now been made a Defendant in this action wherein Plaintiff seeks to compel Seaton to pay a default judgment entered against Hedman. Hedman's failure to defend itself and to pay the judgment, among other things, is in breach of the Agreement.

31. As a result of Hedman and Edell's breach of the Agreement, Seaton has been damaged.

**WHEREFORE**, Seaton demands judgment against Hedman and Edell as follows:

a. Ordering Hedman and Edell to pay Seaton any amounts that it has incurred as result of Seaton's being named a Defendant in this lawsuit; and

b. Awarding such further and other relief as the Court deems appropriate.

### COUNT FOUR
(Unjust Enrichment)

32. Seaton repeats the allegations in the aforementioned paragraphs and incorporates those allegations in this paragraph herein as if fully set forth.

33. Hedman, as directed and controlled by Edell, received compensation for the policy buy back and for certain other provisions of the Agreement.

34. That compensation rendered to Hedman, as directed and controlled by Edell, was provided by Seaton.

35. The Agreement provides a full and total release of any and all coverage obligations which Seaton may have had with Hedman, under the policy issued by Unigard, including any coverage obligations which may have existed with regard to the claims asserted by Plaintiff.

36. Hedman, as directed and controlled by Edell, withdrew its defense in the underlying Mineweaser case, permitted default judgment to be entered and has failed to pay that

judgment. Seaton has now been sued by Plaintiff seeking to compel Seaton to pay the judgment against Hedman.

37. It is against equity and good conscience to permit Hedman, as directed and controlled by Edell, to retain the fruits of the Agreement it made with Seaton while simultaneously refusing to pay the judgment entered in the underlying <u>Mineweaser</u> case.

38. Hedman, as directed and controlled by Edell, has been unjustly enriched at Seaton's expense.

**WHEREFORE**, Seaton demands judgment against Hedman and Edell as follows:

a. Ordering Hedman and Edell to pay the judgment entered in the underlying <u>Mineweaser</u> case; and

b. Awarding such further and other relief as the Court deems appropriate.

## **COUNT FIVE**
(Common Law Indemnification)

39. Seaton repeats the allegations in the aforementioned paragraphs and incorporates those allegations in this paragraph herein as if fully set forth.

40. Plaintiff alleges that Hedman owed her decedent a duty and that breach of such duty entitled her to damages.

41. Plaintiff now seeks to compel Seaton to discharge that duty in the form of paying the default judgment entered against Hedman.

42. By virtue of the Agreement Seaton has entered into a full and total release of any and all coverage obligations which Seaton may have had with Hedman under the policy issued by Unigard.

43. Despite the complete policy buy back in the Agreement, Plaintiff seeks to hold Seaton vicariously liable for the breach of a duty owed by Hedman.

44. To the extent Seaton is compelled to pay any monies for a breach of a duty owed by Hedman, including, but not limited to, payment of the underlying Mineweaser judgment, Seaton is entitled by operation of common law to be indemnified by Hedman, as directed and controlled by Edell, for any such payment.

**WHEREFORE**, Seaton demands judgment against Hedman and Edell as follows:

a. Ordering Hedman and Edell to indemnify Seaton for any monies which may be paid with regard to the judgment entered in the underlying Mineweaser case; and

b. Awarding such further and other relief as the Court deems appropriate.

## COUNT SIX
(Breach of the Implied Covenant of Good Faith and Fair Dealing)

45. Seaton repeats the allegations in the aforementioned paragraphs and incorporates those allegations in this paragraph herein as if fully set forth.

46. Seaton and Hedman, as directed and controlled by Edell, entered into a valid and binding contract which included a full and total release of any and all coverage obligations which Seaton may have had with Hedman under the policy issued by Unigard. That valid contract implied a mutual duty of good faith and fair dealing imposed on each party.

47. Hedman, as directed and controlled by Edell, was compensated by Seaton for the policy buy back in the Agreement.

48. Instead of defending the underlying Mineweaser case, Hedman, as directed and controlled by Edell, withdrew its defense and allowed a default judgment to be entered against it and has not satisfied that judgment. As a result of Hedman's default, Seaton has now been sued and Plaintiff seeks to compel Seaton to pay the judgment.

49. Hedman, as directed and controlled by Edell, has not dealt with Seaton fairly and in good faith.

50. As a result of Hedman and Edell's breach of the duty of good faith and fair dealing, Seaton has been damaged.

**WHEREFORE**, Seaton demands judgment against Hedman and Edell as follows:

a. Ordering Hedman and Edell to pay Seaton any amounts that it has incurred as result of Seaton's being named a Defendant in this lawsuit; and

b. Awarding such further and other relief as the Court deems appropriate.

## **COUNT SEVEN**
(Declaratory Judgment)

51. Seaton repeats the allegations in the aforementioned paragraphs and incorporates those allegations in this paragraph herein as if fully set forth.

52. As is generally set forth in Plaintiff's Verified Complaint, the Agreement provides for a full and total release of any and all coverage obligations which Seaton may have had with Hedman, including past and future claims, through an insurance buy-back agreement.

53. Pursuant to the Agreement, Seaton owes no insurance coverage to Hedman for present and future claims.

54. Seaton is not obligated to pay the judgment entered in the underlying Mineweaser case.

55. Seaton is in possession of documents reflecting other claims which have been filed against Hedman alleging asbestos bodily injury from exposure to Hedman products. Seaton is not obligated to any future judgments entered against Hedman.

56. In light of the foregoing, an actual, present, genuine and justiciable controversy has arisen between Hedman, as directed and controlled by Edell, and Seaton.

57. Accordingly, Seaton respectfully requests declaratory judgment from this Court pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §2201 declaring that Seaton has no obligation to

Plaintiff and Hedman and/or Edell, including no obligation to pay the judgment entered in the underlying <u>Mineweaser</u> case, and declaring that Seaton has no obligations whatsoever to Hedman and/or Edell and no obligations to any present or future asbestos claimant for any present or future claims now or hereinafter asserted against Hedman and/or Edell.

**WHEREFORE**, Seaton respectfully requests that this Court:

a. Enter an Order declaring that Seaton has no obligations whatsoever to Plaintiff and Hedman related to the underlying <u>Mineweaser</u> case; and

b. Declaring that Seaton has no obligations whatsoever to Hedman and any present or future asbestos claimant for any present or future claims now or hereinafter asserted against Hedman and/or Edell; and

c. Awarding such further and other relief as the Court deems appropriate.

## <u>JURY TRIAL DEMANDED</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Seaton demands a trial by jury in this action.

Dated: September 12, 2014            PHILLIPS LYTLE LLP

By:   /s/ Edward S. Bloomberg
Edward S. Bloomberg
One Canalside, 125 Main Street
Buffalo, New York 14203
(716) 847-8400
Fax: (716) 852-6100
ebloomberg@phillipslyte.com

**ATTORNEYS FOR DEFENDANT UNIGARD MUTUAL INSURANCE COMPANY N/K/A SEATON INSURANCE COMPANY IMPROPERLY IMPLEAD AS SEATON INSURANCE COMPANY INDIVIDUALLY AND AS SUCCESSOR TO UNIGARD INSURANCE COMPANY**

Doc #01-2805421.1 4529631v1