UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EDNA K. MINEWEASER, Executrix of the
    Estate of PAUL J. MINEWEASER,
    Deceased, and Individually as
    Surviving Spouse

                  Plaintiffs,

      -v-                                                          14-CV-0585A(Sr)

ONE BEACON AMERICA INSURANCE
    COMPANY,
RESOLUTE MANAGEMENT INC.,
    Administrator for ONE BEACON
    INSURANCE COMPANY,
SEATON INSURANCE COMPANY,
    Individually and as Successor
    to UNIGUARD INSURANCE
    COMPANY,
CONTINENTAL INSURANCE COMPANY,
    Individually and as Successor in
    Interest to HARBOR INSURANCE
    COMPANY (CNA),
HARPER INSURANCE LIMITED, f/k/a
    TUREGUM INSURANCE COMPANY,
and
ASSICURAZIONI GENERALI, SPA,

                  Defendants.
_____

## DECISION AND ORDER

        This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #81.

On April 11, 2014, following a bench trial before the Hon. Jeremiah J. Moriarty III, J.S.C., New York State Supreme Court, County of Erie, a judgment of $3 million was entered against Hedman Resources, Ltd. ("Hedman"), as damages for personal injuries, *to wit*, pleural mesothelioma, sustained by Paul J. Mineweaser due to asbestos exposure at his place of employment, Durez Plastics, a division of Occidental Chemical Corporation, between May and October of 1971, and pecuniary loss sustained by his spouse, Edna K. Mineweaser.  Dkt. #1-3 & Dkt. #1-4.  Paul J. Mineweaser died of complications from malignant mesothelioma on April 24, 2014.

This action seeks payment of the state court judgment from Hedman's excess insurance carriers. Dkt. #1.  The defendant excess insurance carriers disclaim any obligation to plaintiffs on multiple grounds, including, as relevant to the instant motions, confidential settlement agreements releasing them from all outstanding coverage obligations they may have had with Hedman.  Dkt. #1.  Plaintiffs assert that the settlement agreements constitute fraudulent conveyances.  Dkt. #1.

Currently before the Court is defendants' motion to enforce the confidentiality of the settlement agreements between the excess insurance companies and Hedman by allowing defendants to file the agreements under seal and subject to a protective order (Dkt. #73), and plaintiffs' motion to compel production of those settlement agreements.[1]  Dkt. #76.

---

[1] By letter dated May 7, 2015, plaintiffs' counsel withdraws its motion to compel except with respect to the disclosure of the settlement agreements.

-2-

In support of the motion, counsel for Seaton Insurance Company ("Seaton"), avers that it entered into the settlement agreement with Hedman to resolve its dispute as to whether there was insurance coverage for Hedman under the policy. Kelly declaration, ¶ 2.  As it intends to rely upon the settlement agreement in defense of this action, Seaton does not oppose disclosure of the settlement agreement.  Kelly declaration, ¶ 5.  However, the settlement agreement between Seaton and Hedman contains a confidentiality provision and Hedman has only consented to production of the settlement agreement upon the condition, as set forth in the settlement agreement, that disclosure occur "under a pledge of confidentiality to other Persons when such disclosure is reasonably required for the conduct of Hedman's or Seaton's legitimate business activities."  Kelly declaration, ¶ 7.

Harper Insurance Limited and Assisicurazioni Generalli, SPA similarly advise the Court that their respective settlement agreements with Hedman are "the central document at issue, yet confidentiality concerns raised by Hedman have prevented [defendants] from producing this information."  Dkt. #85, p.1.  Their settlement agreement provides "that all matters relating to this Agreement other than the fact of this Agreement shall be confidential and are not to be disclosed except by order of a court of competent jurisdiction or by written agreement of the Parties." Seaton's Memo of Law, p.4.

One Beacon's settlement agreement provides that the "Agreement and its terms are confidential and shall not be disclosed by either party except, after advising of

the confidentiality of the Agreement . . . to any tax, regulatory, or other governmental authority that properly requires disclosure or as otherwise legally required." Seaton's Memo of Law, p.4.

Continental's settlement agreement provides that "all matters relating to this Agreement other than the fact of this Agreement shall be confidential and are not to be disclosed except by order of a court of competent jurisdiction or by written agreement of the Parties." Seaton's Memo of Law, p.4.

In opposition to the motion, counsel for plaintiffs declares that there is no basis to seal the settlement agreements and no justification for protecting the confidentiality of a "judgment creditor who has apparently absconded with the funds the Defendants claim was [sic] designed to pay for asbestos-claims like those pending in this Court." Dkt. #77, ¶ 11.

Defendants rely upon case law holding that "the Second Circuit strongly endorses the confidentiality of settlement agreements in virtually all cases." *Scheops v. Museum of Modern Art*, 603 F. Supp.2d 673, 676 (S.D.N.Y. 2009). It is the exception to that rule, however, which applies to the facts of this case.

"There is a well-established presumption favoring full and complete access to court proceedings and judicial documents." *Hens v. Clientlogic Operating Corp.*, No. 05-CV-381, 2010 WL 4340919, at *1 (W.D.N.Y. Nov. 2, 2010). This

"presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), *quoting United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

In assessing whether a document is a judicial document, the Court considers whether the document is "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Erie County, N.Y.*, 763 F.3d 235, 239 (2d Cir. 2014), *quoting Lugosch,* 435 F.3d at 119. Because an adjudication of a motion for summary judgment is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny, documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons. *Lugosch,* 435 F.3d at 121; *Joy v. North*, 692 F.2d 880, 893 (2nd Cir. 1982), *cert denied*, 460 U.S. 1051 (1983).

Clearly, the settlement agreements in which Hedman and the excess insurance carriers resolved their dispute as to coverage for asbestos related claims will be relevant to, perhaps even determinative of, the Court's assessment of the merits of plaintiffs' claims against the excess insurance carriers. Yet defendants present no compelling reason for upholding the confidentiality provisions in the settlement agreements and precluding public scrutiny of this Court's determination regarding the propriety and consequences of the settlement agreements between Hedman and the excess insurance carriers. Hedman's desire to avoid such scrutiny of the terms and

conditions of the settlement of the underlying coverage dispute does not provide a sufficient basis for sealing these documents, particularly when weighed against the fact that the settlement effectively foreclosed the ability of workers to collect damages for personal injuries caused by Hedman. *See Lugosch*, 435 F.3d at 121 ("where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."), *citing Amodeo*, 71 F.3d at 1049.  Accordingly, defendants motion to file the settlement agreements under seal and subject to a protective order (Dkt. #73), is denied and plaintiffs' motion to compel production of those settlement agreements (Dkt. #76), is granted.

**SO ORDERED.**

DATED:   Buffalo, New York
         June 5, 2015

                                         *s/ H. Kenneth Schroeder, Jr.*
                                         **H. KENNETH SCHROEDER, JR.**
                                         **United States Magistrate Judge**